**&#128305; EFILED IN OFFICE**
CLERK OF STATE COURT
TROUP COUNTY, GEORGIA

**21-CS-108**
**WESLEY LEONARD**
MAR 04, 2021 02:03 PM

*Jackie W. Taylor*
Jackie Taylor, Clerk
Troup County, Georgia

IN THE STATE COURT OF TROUP COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| TAMMY REYNOLDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| WAL-MART STORES EAST, | ) | |
| LP (DELAWARE), | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR PERSONAL INJURIES AND DAMAGES
## AND DEMAND FOR JURY TRIAL

COMES NOW TAMMY REYNOLDS, Plaintiff in the above-captioned matter and submits her Complaint for Personal Injuries and Damages (the "Complaint") against the Defendant WAL-MART STORES EAST, LP (DELAWARE) (hereinafter "Defendant"), by showing this Honorable Court that judgment should be entered in favor of the Plaintiff against the Defendant for the relief sought in the Complaint for the reasons pled as follows:

### PARTIES, JURISDICTION, VENUE AND SERVICE OF PROCESS

1.

Plaintiff Tammy Reynolds (hereinafter "Plaintiff") is a citizen and resident of the State of Georgia. Plaintiff resides at ███████████████████████████████████████. By bringing this action, Plaintiff subjects herself to the jurisdiction and venue of this Honorable Court.

2.

Defendant Wal-Mart Stores East, LP (Delaware) is a foreign limited partnership, under the laws of the State of Delaware, with its principal place of business in Arkansas. Service of process

Page **1** of **7**

03/17/2021

may be had on Wal-Mart Stores East, LP (Delaware) by serving its registered agent, The Corporation Company (FL), at 112 North Main Street, Cumming, Forsyth County, Georgia 30040.

3.

Venue is proper in this Court pursuant to O.C.G.A. § 14-2-510(b)(3).

## STATEMENT OF FACTS

4.

On or about April 2, 2019, Plaintiff was an invitee of the Defendant on the property located at 803 New Franklin Road, LaGrange, Troup County, Georgia 30240.

5.

On or about April 2, 2019, Plaintiff, while still an invitee of Defendant, was shopping near the detergent section. Suddenly, and without warning, Plaintiff slipped and fell in a slippery foreign substance.

6.

Plaintiff sustained severe personal injuries as a result of the slippery foreign substance located on the floor.

7.

The Defendant owed a duty to invitees such as the Plaintiff to keep the premises and approaches safe.

8.

Prior to the subject incident, Defendant was aware or should have been aware of the condition of the floor, and that it constituted a potential danger to its customers.

Page 2 of 7

03/17/2021

9.

Plaintiff neither assumed the risk of her accident nor shared in the negligence of Defendant.

## COUNT I: NEGLIGENCE OF DEFENDANT

10.

Paragraphs 1 through 9 above are incorporated by reference as if set forth fully herein.

11.

The slippery foreign substance constituted a hazardous, dangerous, and unsafe condition.

12.

The Defendant, by statute and through their duly authorized agents, servants and/or employees did violate said duties and were negligent by the following acts and their omissions:

a. By negligently failing to exercise reasonable care to protect against a hazard arising from the slippery foreign substance on the floor of the subject premises;

b. By failing to exercise due care and caution in the inspection of the premises to ascertain whether or not the floors were clean and unobstructed of the aforementioned premises is an obvious disregard to the safety, health and well-being to the business invitees and the general public;

c. By failing to exercise ordinary care and prudence to make sure the floors were clean;

d. By failing to correct a dangerous condition of the premises, to wit: a portion of floor near the detergent section of the store which could injure business invitees in an obvious disregard for the health, safety, and well-being of those invitees;

e. By failing to maintain and/or properly clean the floor when the Defendant knew or should have known in the exercise of reasonable care;

Page 3 of 7

03/17/2021

f. That said portion of floor posed an unreasonable risk to business invitees including Plaintiff by causing such dangerous condition to exist in an area where business invitees must traverse in an obvious disregard for the health, safety and well-being of its invitees thereby creating an unavoidable situation;

g. By allowing the existence of a poorly maintained floors of said premises when the Defendant knew that such a hazard could cause business invitees to be injured; and

h. By the commission of other acts of negligence which are hereby reserved for proof as discovery commences and at trial.

13.

On or about April 2, 2019, the Defendant did not take any action to rectify this dangerous condition, or to keep invitees from passing through the area or alert visitors of the dangerous condition, prior to the time that the Plaintiff was injured, despite having actual and/or constructive knowledge of the hazardous condition.

14.

Plaintiff had no knowledge of the existence of the dangerous and unsafe condition. Plaintiff had no reason to anticipate the floor would be hazardous upon entering the premises. She had no prior knowledge of the dangerous condition.

15.

All times herein mentioned, Defendant was in control and custody of said property.

16.

The Defendant's negligence proximately caused the injuries, losses and damages suffered by the Plaintiff.

03/17/2021

## COUNT II: DAMAGES

17.

Paragraphs 1 through 16 above are incorporated by reference as if set forth fully herein.

18.

As a direct and proximate result of the negligence and negligence per se of Defendant, Plaintiff suffered mental and physical injuries requiring medical treatment, as well as other damages.

19.

As a direct and proximate result of the negligence and negligence *per se* of Defendant, Plaintiff claims general damages against Defendant for all elements of pain and suffering and physical and mental injury, including shock, fright, and terror, endured by Plaintiff in an amount to be determined by the enlightened conscience of the jury after hearing the evidence at trial. Plaintiff has suffered mental and physical injuries requiring medical treatment and will continue to suffer the following:

(a) Past, present, and future physical and mental pain and suffering;

(b) Past, present, and future loss of enjoyment of life;

(c) Past, present, and future loss of earnings and income; and

(d) Past, present, and future loss of ability to labor and earn money, as well as other damages.

20.

Plaintiff claims special damages against Defendant for any medical expenses, including future medical expenses, and loss of earning capacity incurred on her behalf in an amount which

03/17/2021

reflects the reasonable value of those services as established by the evidence at trial.

21.

As a direct and proximate result of the negligence and negligence per se of Defendant, Plaintiff is entitled to recover all special damages in an amount to be proved at trial. Currently, Plaintiff has incurred more than $93,196.18 in medical bills.

22.

As a direct and proximate result of the negligence and negligence per se of Defendant, Plaintiff is entitled to recover general damages including but not limited to Plaintiff's mental and physical pain and suffering and loss of capacity to enjoy life, past, present, and future.

23.

Defendants has acted in bad faith, been stubbornly litigious, or has caused Plaintiff unnecessary troubles or expenses. Plaintiff is therefore entitled recover the expenses of litigation, including but not limited to attorney's fees.

### **COUNT III: Punitive Damages**

24.

Paragraphs 1 through 23 above are incorporated by reference as if set forth fully herein.

25.

The acts of Defendant showed willful misconduct, malice, fraud, wantonness, oppression, bad faith, or that entire want of care which would raise the presumption of conscious indifference to consequences. Plaintiff is entitled to recover punitive damages in an amount sufficient to deter similar conduct by Defendant in the future.

WHEREFORE, Plaintiff prays as follows:

03/17/2021

(a)     That Defendant be served with process and be required to answer this lawsuit;

(b)     That Plaintiff recover recompensive damages from Defendant for the personal injuries which she has suffered in an amount to be determined according to the enlightened conscience of an impartial jury;

(c)     That Plaintiff be awarded an amount sufficient to reimburse her for all past, present, and future medical expenses and wage losses associated with his injuries;

(d)     That Plaintiff be compensated for the mental and physical pain and suffering related to her injuries;

(e)     The Plaintiff be awarded interest at the legal rate on any judgment rendered;

(f)     The Plaintiff be awarded expenses of litigation in bringing this action;

(f)     That the Plaintiff have a trial by a jury of twelve (12) persons; and

(g)     That Plaintiff be awarded any such other and further relief as the Court may deem just and appropriate.

This the 4th day of March, 2021.

THE EICHHOLZ LAW FIRM, P.C.

*/s/ David S. Eichholz*
DAVID S. EICHHOLZ
Georgia State Bar No. 502134
*Attorney for Plaintiff*

319 Eisenhower Drive
Savannah, GA 31406
(912) 232-2791 - phone
(912) 629-2560 - fax
David@thejusticelawyer.com

03/17/2021

IN THE STATE COURT OF TROUP COUNTY
STATE OF GEORGIA

TAMMY REYNOLDS,                                      Civil Action File No.
                                                     21-CS-108
        Plaintiff,

v.

WAL-MART STORES EAST, LP
(DELAWARE)

        Defendant.

_____/

## ANSWER OF DEFENDANT

COMES NOW, Defendant WAL-MART STORES EAST, LP and makes this

Answer to Plaintiff's Complaint as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief

can be granted.

## SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by

Plaintiff's own contributory negligence and failure to exercise ordinary care.

## THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the

premises, and by the exercise of ordinary care could have avoided any injury to

herself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

## FOURTH DEFENSE

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

## FIFTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

## SIXTH DEFENSE

Plaintiff's claims for attorney's fees should be dismissed as a matter of law.

## SEVENTH DEFENSE

Plaintiffs claim for punitive damages is barred as a matter of law.

## EIGHTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the deprivation of property without due process of law.  (U.S. Const. amends V and XIV; Ga. Const. Art. 1, Section 1, Para. 1).

Specifically, said statutes fail to define or provide advance notice of the prohibited behavior with reasonable clarity, fail to specify the upper limit of damages to be imposed, fail to set standards or criteria for the jury to apply in determining whether to impose punitive damages and, if so, the amount thereof.  These defects in the statutes, <u>inter alia</u>, leave to the unbridled discretion of a random jury whether to impose such damages and the amount thereof, thereby authorizing an award of aggravated, exemplary, or punitive damages which is unpredictable, arbitrary, capricious, and disproportionate.

<u>NINTH DEFENSE</u>

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes deny this Defendant equal protection of the laws by providing fewer protections for civil litigants than the criminal laws provide to persons accused of violation of criminal statutes which provide for the imposition of monetary fines.  (U.S. Const. Amend. XIV, Ga. Const. Art. 1, Section 1, Para. 2). Specifically, said statutes <u>inter alia</u>, fail to define or provide advance notice of the prohibited behavior with reasonably clarity whereas criminal defendants are

entitled to such notice; said statutes fail to specify the upper limit of damages to be imposed whereas criminal statutes imposing similar penalties must be limited; said statutes allow imposition of such damages upon the "preponderance of the evidence" rather than the "beyond a reasonable doubt" standard applied in similar criminal cases;  and said statutes contemplate the imposition of such damages against civil litigants who have been compelled to give evidence against themselves under the Georgia Civil Practice Act whereas criminal defendants in similar cases cannot be so compelled.

## TENTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the imposition of an excessive fine.  (U.S. Const. Amend. VIII and XIV; Ga. Const. Art. 1, Section 1, Para. 1.)

## ELEVENTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the

United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes do not provide fair notice of (1) the severity of the potential punishment in relationship to the alleged degree of reprehensible conduct of Defendant, (2) the ratio of punitive damages award to the actual harm inflicted upon the Plaintiff, and (3) a comparison between the award and the civil or criminal penalties that could be imposed for comparable alleged misconduct.  See BMW of North America, Inc. v. Gore, 116 U.S. 415, 133 L.Ed.2d 333, 115 S.Ct. 932 (1966); BMW of North America, Inc. v. Gore, 116 S.Ct. 1589 (1996); and Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1, 113 L.Ed.2d 1, 111 S.Ct. 1032 (1991).

<u>TWELFTH DEFENSE</u>

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant denies the introductory paragraph of Plaintiff's Complaint. Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.

Defendant admits the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3.

Defendant denies the allegations contained in paragraph 3 of the Plaintiff's Complaint.  Venue is now proper in the United States District Court, Northern District of Georgia, Newnan Division.

4.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.

Defendant denies the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.

Defendant denies the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.

Defendant denies the allegations contained in paragraph 7 of Plaintiff's Complaint, as stated.  The applicable statute and case law speak for themselves.

8.

Defendant denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.

Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.

Paragraphs 1 through 9 above are incorporated by reference as if set forth fully herein.

11.

Defendant denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.

Defendant denies the allegations contained in paragraph 12 of Plaintiff's Complaint, including subparagraphs a., b., c., d., e., f., g., and h., thereof.

13.

Defendant denies the allegations contained in paragraph 13 of Plaintiff's Complaint, as stated.

14.

Defendant denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.

Defendant denies the allegations contained in paragraph 15 of Plaintiff's Complaint, as stated.  Customers and vendors have access to the premises.

16.

Defendant denies the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.

Paragraphs 1 through 16 above are incorporated by reference as if set forth fully herein.

18.

Defendant denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

19.

Defendant denies the allegations contained in paragraph 19 of Plaintiff's Complaint, including subparagraphs (a), (b), (c), and (d) thereof.

20.

Defendant denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.

Defendant denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.

Defendant denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

23.

Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

24.

Paragraphs 1 through 23 above are incorporated by reference as if set forth fully herein.

25.

Defendant denies the allegations contained in paragraph 25 of Plaintiff's Complaint.

26.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

27.

Defendant denies Plaintiff's prayer for relief, including subparagraphs (a), (b), (c), (d), (e), (f), and (g) thereof.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff.  DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.


 /s/   Howard M. Lessinger
Howard M. Lessinger
Georgia Bar No. 447088


 /s/ Ernest L. Beaton, IV
Ernest L. Beaton, IV
Georgia Bar No. 213044
Attorneys for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

Page -10-

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing ANSWER OF

DEFENDANT WAL-MART STORES EAST, LP has this day been filed and served

upon opposing counsel via Peachcourt eFile.

This the   19th   day of March, 2021.

                       McLAIN & MERRITT, P.C.

                     /s/ Howard M.  Lessinger
                     Howard M. Lessinger
                     Georgia Bar No. 447088
                     Attorney for Defendant
                     WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com